In the Matter of MANUFACTURERS TRUST Co., Judgment Creditor, against JACOB SCHOENFELD, Judgment Debtor.

Supreme Court, Special Term, New York County, October 26, 1942.

*Newman & Bisco* for judgment creditor.

*Schlesinger & Krinsky* for third parties.

PECORA, J. Motion is made by third parties in this supplementary proceeding, to vacate an *ex parte* order which restrained the Corn Exchange Bank Trust Company from transferring certain shares of bank stock deposited with the bank by the wife of the judgment debtor as security for a loan to her. The order was granted, without notice to the judgment debtor or the movants herein, upon application of the judgment creditor pursuant to section 781 of the Civil Practice Act. By its terms, the order extends the injunctive provisions of a prior third party order, obtained on September 12, 1941, to the shares of stock pledged as collateral with the bank. The injunction is effective under the terms of the order "until further order of the court." The judgment creditor asserts that an action has been commenced to set aside certain fraudulent conveyances, and that if the "stock were released before said plenary action were tried, it would result in irreparable injury to the judgment creditor since it would place the stock beyond its reach." There is a serious dispute as to whether the shares of stock in question are the property of the judgment debtor, and this court will not determine that question upon the affidavits here. The *ex parte* order, however, in effect grants a permanent injunction upon such dis-

puted facts. Certainly it was not the purpose of section 781 of the Civil Practice Act to achieve such a result. If the judgment creditor is entitled to injunctive relief, the place to seek it is in the judgment creditor's action, where an injunction *pendente lite* may issue after notice to the persons affected. Section 781 is not intended as a substitute for a provisional remedy in an action to set aside fraudulent conveyances. Here the judgment creditor has obtained an injunction without notice and without any bond to pay damages in the event it is finally determined that the property does belong to movants. Moreover, such drastic relief has been obtained upon facts which are in dispute and must be litigated in a plenary action. The judgment creditor will be relegated to the remedy of seeking appropriate relief in the judgment creditor's action. Since the making of this motion, the judgment creditor has had sufficient time to move for such relief. The motion to vacate the *ex parte* order of June 8, 1942, will be granted.

Settle order.